1

2

3

4

5

6

7

8

9               UNITED STATES DISTRICT COURT

10                 EASTERN DISTRICT OF CALIFORNIA

11

LUE HER,                              1:12-CV-00890 AWI BAM HC

12
                    Petitioner,
13                                          FINDINGS AND RECOMMENDATION
          v.                              REGARDING RESPONDENT'S MOTION
14                                          TO DISMISS

15    RICK HILL, Warden,                   [Doc. #17]

16                    Respondent.
     _____/

17

18          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

19    pursuant to 28 U.S.C. § 2254.

20                              **BACKGROUND**[1]

21          Petitioner is currently in the custody of the California Department of Corrections pursuant to

22    a judgment of the Superior Court of California, County of Merced, following his conviction by plea

23    of nolo contendere on March 1, 2004, to assault with a deadly weapon likely to cause great bodily

24    injury.  He admitted three enhancements alleging that he committed great bodily injury, used a

25    firearm during commission of the offense, and committed the offense in furtherance of a criminal

26    street gang.  Pursuant to the plea agreement, Petitioner was sentenced to serve a determinate term of

27

28    _____
            [1]This information is derived from the petition, motion to dismiss, and exhibits lodged with the motion to dismiss.

twenty-five (25) years in state prison.  Petitioner appealed the sentence.  On January 20, 2005, the California Court of Appeals, Fifth Appellate District, remanded the matter to the trial court to amend the abstract of judgment to reflect Petitioner admitted one gang use enhancement and one firearm enhancement; but otherwise, the judgment was affirmed.  Petitioner did not seek further relief in the California Supreme Court.

Petitioner filed three post-conviction collateral challenges with respect to the judgment in the state courts, all petitions for writ of habeas corpus, as follows:

     1.    <u>Merced County Superior Court</u>
           Filed: April 8, 2009[2];
           Denied: December 30, 2009;

     2.    <u>California Court of Appeals, Fifth Appellate District</u>
           Filed: March 24, 2010;
           Denied: February 3, 2011;

     3.    <u>California Supreme Court</u>
           Filed: March 7, 2011;
           Denied: September 21, 2011.

On May 16, 2012, Petitioner filed the instant federal petition for writ of habeas corpus in this Court.  On July 10, 2012, the undersigned issued a Findings and Recommendation which recommended Petitioner's second ground for relief be dismissed for failure to state a cognizable claim for relief.  On October 26, 2012, the District Court adopted the Findings and Recommendation in full and dismissed the claim.  Respondent was then directed to file a response to the remaining claim in the petition.  On December 19, 2012, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1).  On March 11, 2013, Petitioner filed an opposition to Respondent's motion to dismiss.  Respondent filed a reply to the opposition on April 16, 2013.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

---

[2]Pursuant to the mailbox rule, the Court deems the various petitions filed on the date they were signed and presumably handed to prison authorities for mailing. <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988); <u>Huizar v. Carey</u>, 273 F.3d 1220, 1222 (9th Cir. 2001).

1    petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

2    entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

3         The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if

4    the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

5    state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

6    4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874

7    F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

8    state procedural default); Harrison v. Galaza, 1999 WL 58594 (N.D. Cal.1999) (using Rule 4 to

9    review motion to dismiss for statute of limitations violation).  Thus, a respondent can file a motion to

10   dismiss after the court orders a response, and the Court should use Rule 4 standards to review the

11   motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

12        In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s

13   one-year limitations period.  Because Respondent has not yet filed a formal answer, the Court will

14   review Respondent's motion to dismiss pursuant to its authority under Rule 4.

15   B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

16        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

17   1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of

18   habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

19   2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct.

20   586 (1997).

21        In this case, the petition was filed on May 16, 2012, and therefore, it is subject to the

22   provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners

23   seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended,

24   § 2244, subdivision (d) reads:

25        (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
          corpus by a person in custody pursuant to the judgment of a State court.  The
26        limitation period shall run from the latest of –

27            (A) the date on which the judgment became final by the conclusion of direct
              review or the expiration of the time for seeking such review;

28

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

        (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In his opposition, Petitioner claims the limitations period should not apply to his claims because his challenges to his sentence may be raised at any time. He cites to In re Clark, 5 Cal.4th 750, 764 (1993), and In re Harris, 5 Cal.4th 813, 840 (1993), in support of his argument. The Court is not persuaded. Clark and Harris are both state cases which have no bearing on the applicability of the federal statute of limitations to his claims. As noted above, AEDPA imposes the one-year limitations period on all petitioners seeking a writ of habeas corpus, 28 U.S.C. § 2244(d)(1), and violation of the limitations period requires dismissal unless Petitioner can establish tolling or a federal exception. Therefore, the statute of limitations applies.

In addition, although Petitioner does not specifically argue for a later commencement date of the statute of limitations, his arguments concerning the imposition of illegal and unlawful sentence enhancements can be interpreted in such a way. Under § 2244(d)(1)(D), the statute of limitations commences on the date "on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." However, as Respondent correctly notes in his reply, the relevant date is when the factual predicate of the claim becomes known or should have been discovered, not when its legal significance is discovered. Hasan v. Galaza, 254 F.3d 1150, 1154 n. 3 (9th Cir.2001).

In this case, Petitioner's claim for a later start date fails. Petitioner pleaded no contest pursuant to a plea bargain in which he was to be sentenced to a term of twenty-five years. He was in clear possession of the relevant facts at that time. He cannot now claim he is entitled to federal relief

1   because he only now perceives the sentence enhancements to be unlawful and illegal.

2       Therefore, the statute of limitations commenced on the date judgment became final pursuant

3   to 28 U.S.C. § 2244(d)(1)(A). Here, the California Court of Appeal affirmed Petitioner's conviction

4   on January 20, 2005. Petitioner did not file a petition for review. According to the California Rules

5   of Court, direct review concluded on March 1, 2005, when the forty-day period following issuance of

6   the decision expired. Cal. Rules of Court, rule 8.500(e)(1). Thus, Petitioner had one year until

7   March 1, 2006, in which to file his federal petition for writ of habeas corpus. See Patterson v.

8   Stewart, 251 F.3d 1243, 1245 (9th Cir.2001). In this case, Petitioner delayed filing the instant

9   petition until May 16, 2012, over six years beyond the due date. Absent any applicable tolling, the

10  instant petition is barred by the statute of limitations.

11  C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

12      Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

13  for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

14  pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In

15  Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is

16  properly pursuing post-conviction relief, and the period is tolled during the intervals between one

17  state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the

18  state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.

19  1999), cert. denied, 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year

20  statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction

21  petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544

22  U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by

23  the federal courts to have been untimely in state court will not satisfy the requirements for statutory

24  tolling. Id.

25      As stated above, the statute of limitations ran from March 2, 2005, to March 1, 2006.

26  Petitioner did not file any state habeas petitions within the limitations period. He filed several state

27  habeas petitions but they were filed well after the limitations period had already expired. Thus, they

28  could not toll the limitations period or operate to revive the limitations period. Jiminez v. Rice, 276

1 F.3d 478, 482 (9th Cir.2001).  Accordingly, Petitioner is not entitled to statutory tolling and the

2 federal petition remains untimely.  28 U.S.C. § 2244(d).

3 D.  Equitable Tolling

4         The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that

5 he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

6 way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran

7 Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998),

8 citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S.

9 814 (1997).  Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544

10 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395

11 (9th Cir.1993).

12         In his opposition, Petitioner makes no claim for equitable tolling.  He vaguely asserts he

13 exercised due diligence in pursuit of his claims, but he makes no showing of due diligence.  Indeed,

14 a six year unexplained delay demonstrates a lack of any diligence.  Therefore, Petitioner is not

15 entitled to equitable tolling and the petition remains untimely.

16                                           **RECOMMENDATION**

17         Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be

18 GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to

19 comply with 28 U.S.C. § 2244(d)'s one year limitation period.

20         This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United

21 States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B).  Within

22 thirty (30) days after date of service of this Findings and Recommendation, any party may file

23 written objections with the Court and serve a copy on all parties.  Such a document should be

24 captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the

25 Objections shall be served and filed within fourteen (14) days after date of service of the Objections.

26 The Finding and Recommendation will then be submitted to the District Court for review of the

27 Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure

28 to file objections within the specified time may waive the right to appeal the Order of the District

1 | Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

2 |         IT IS SO ORDERED.

3 |     **Dated:** __**April 29, 2013**__          _____/s/ **Barbara A. McAuliffe**_____
                                                      UNITED STATES MAGISTRATE JUDGE